IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-124 |
| | ) | |
| LESLIE JANOUS | ) | |

## AMENDED INDICTMENT

The Grand Jury charges that:

### COUNTS 1-13

(Wire Fraud in Violation of 18 U.S.C. § 1343)

1.      From on or about February 12, 2010 through August 3, 2010, in the Eastern District of Tennessee and elsewhere, the defendant, LESLIE JANOUS, a/k/a LESLIE ANN JANOUS, LESLIE GIBBS ("JANOUS"), knowingly executed and attempted to execute a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises from her employer, Scancarbon, Inc.

2.      Scancarbon, Inc. ("Scancarbon") is a Tennessee corporation with its principal office located at 108 David Lane, Knoxville, Tennessee 37922, within the Eastern District of Tennessee.

Case 3:10-cr-00124   Document 9   Filed 10/18/10   Page 1 of 7   PageID #: 34

3.    It was part of the scheme and artifice that JANOUS was employed as Scancarbon's bookkeeper.  Using this position of trust, JANOUS executed her scheme to defraud by manipulating Scancarbon's accounting records to create false gain in certain accounts payable, then made and caused to be made unauthorized wire transfers from Scancarbon's corporate bank account at Regions Bank, account number XXXXXX8901, the full account number being known to the Grand Jury, to an account at Regions Bank, account number XXXXXX6581, the full account number being known to the Grand Jury, registered to Lesleigh Enterprises, an entity over which JANOUS had control.

4.    It was further part of the scheme and artifice that JANOUS concealed and attempted to conceal the unauthorized wire transfers of funds by presenting false bank statements to Scancarbon's management.  Through such false bank statements, JANOUS falsely represented how Scancarbon's money was being spent.

5.    On or about the dates set forth below, in the Eastern District of Tennessee and elsewhere, JANOUS, having devised a scheme and artifice to defraud and obtain money by means of materially false and fraudulent pretenses, representations and promises, set forth above, and for the purpose of executing the scheme and artifice to defraud and obtain money, did knowingly cause to be transmitted in interstate and foreign commerce, by means of a wire communication, that is a wire transmission, certain signs, signals, and sounds as set forth below:

| Count | Date | Communication |
|---|---|---|
| 1 | February 12, 2010 | Wire transfer of $151,345.95 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 2 | February 19, 2010 | Wire transfer of $153,890.71 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 3 | February 22, 2010 | Wire transfer of $39,400 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 4 | February 26, 2010 | Wire transfer of $187,946.62 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 5 | March 25, 2010 | Wire transfer of $224,961.87 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 6 | March 26, 2010 | Wire transfer of $184,842.27 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 7 | March 31, 2010 | Wire transfer of $215,986.42 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 8 | April 1, 2010 | Wire transfer of $458,886.61 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |

| 9 | April 6, 2010 | Wire transfer of $189,667.96 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 10 | April 23, 2010 | Wire transfer of $221,965.62 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 11 | May 18, 2010 | Wire transfer of $43,546.87 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 12 | June 2, 2010 | Wire transfer of $198,896.64 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |
| 13 | August 3, 2010 | Wire transfer of $93,861.17 from Regions Bank account number XXXXXX8901 (owned by Scancarbon) to Regions Bank account number XXXXXX6581 (owned by Lesleigh Enterprises). |

In violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION

1.      The allegations contained in Counts 1 through 13 of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title

18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1 through 13 of this Indictment, the defendant, LESLIE JANOUS, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the following:

a.      <u>Real Property</u>

The property known and numbered as 1308 Selby Lane, Knoxville, Tennessee 37922, with all appurtenances, improvements, and attachments thereon, is more fully described as follows:

TRACT ONE:

SITUATED in the 6th Civil District of Knox County, Tennessee, and without the corporate limits of the City of Knoxville, Tennessee, and being known and designated as Lot 47 of Sherwood of Whittington Creek, as shown on the plat of record in Plat Cabinet P, Slide 208-B in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description, and according to the survey of James H. Loveday, Surveyor, dated July 23, 2002, Job #02186.

BEING the same property conveyed to Robert N. Page and wife, Diane R. Page by Warranty Deed from Bryan E. Testerman, Trustee, said Warranty Deed being dated August 20, 2002 and of record as Instrument #200208270016846 in the Register's Office for Knox County, Tennessee.

TRACT TWO:

SITUATED in the 6th Civil District of Knox County, Tennessee, and without the corporate limits of the City of Knoxville, Tennessee, and being known and designated as Lot 46 of Sherwood of Whittington Creek, as shown on the plat of record in Plat

Cabinet P, Slide 208-B in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description, and according to the survey of James H. Loveday, Surveyor, dated July 23, 2002, Job #02186.

BEING the same property conveyed to Robert N. Page and wife, Diane R. Page by Warranty Deed from Bryan E. Testerman, Trustee, said Warranty Deed being dated August 20, 2002 and of record as Instrument #200208270016845 in the Register's Office for Knox County, Tennessee.

      b.     <u>Money Judgment</u>

A personal money judgment against the defendant, LESLIE JANOUS, and in favor of the United States of America in the amount of $2,365,198.71, representing the proceeds derived from the offenses charged in Counts 1 through 13.

      3.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).


A TRUE BILL:


s/ Foreperson
Grand Jury Foreperson


WILLIAM C. KILLIAN
UNITED STATES ATTORNEY


By:     s/ Frank M. Dale, Jr.
        Frank M. Dale, Jr.
        Assistant U.S. Attorney