UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 3:10-CR-124 |
| V. | ) | & 3:11-CR-11 |
| | ) | |
| LESLIE JANOUS, | ) | (JORDAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## REVOCATION ORDER

The defendant appeared before the Court on June 6, 2011, for an initial appearance and bond revocation hearing on a Petition for Action on Conditions of Pretrial Release [Doc. 34]. Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Federal Defender Elizabeth Ford and Assistant Federal Defender Kim A. Tollison represented the Defendant, who was also present.

On September 27, 2010, the Defendant was released on personal recognizance with an Order Setting Conditions of Release [Doc. 4]. The conditions of the Defendant's release included that the Defendant remain on home detention in that she was "restricted to [her] residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services officer or supervising officer[.]" The Defendant entered guilty pleas in both pending cases on February 24, 2011,

1

and the District Judge ordered that she remain on release subject to all the previously imposed conditions. On April 19, 2011, the defendant's probation officer filed a Petition for Action on Conditions of Pretrial Release [Doc. 34], stating that on April 18, 2011, the Defendant was given permission to work a photography job and was to return to her residence by 8:00 p.m. The petition states that the Defendant failed to return to her residence and her whereabouts were unknown. The Defendant was arrested and had an initial appearance on May 9, 2011, in the Phoenix Division of the District of Arizona.

On June 6, 2011, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant had violated the terms of the Order Setting Conditions of Release and, if such violation had occurred, whether sanctions were appropriate. At the hearing, the Defendant acknowledged that she understood she was entitled to a hearing. The Defendant declined to admit or deny the specific allegations in the petition but agreed to the entry of an order of revocation of her release. The Government agreed that revocation was appropriate. The Defendant stated that she understood that she would remain in custody pending her sentencing hearing. Because the Defendant has provided no defense to the allegations in the petition nor offered any alternative conditions upon which she could be released, the Court finds that the Defendant has violated the conditions of her release and that there are no conditions or combination of conditions that will assure the Court that she will not flee. See 18 U.S.C. § 3148(b)(1)(B) & -(2)(A). The Court also finds that the Defendant is "unlikely to abide by conditions or combination of conditions of release." 18 U.S.C. §

2

3148(b)(2)(B). Accordingly, the Order Setting Conditions of Release [**Doc. 4**] is hereby **REVOKED**.

The Defendant is **ORDERED** remanded to the custody of the United States Marshal to await her sentencing hearing, which is presently scheduled for **July 18, 2011,** before the Honorable R. Leon Jordan, United States District Judge. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge