IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

       Plaintiff,

vs.

       Case No.:    3:10-cr-124
                      3:11-cr-11-001

LESLIE JANOUS,

       Defendant.

---

## CLAIM AND PETITION OF SCANCARBON, INC. FOR A HEARING TO ADJUDICATE THE VALIDITY OF INTEREST IN PROPERTY

---

Scancarbon, Inc. ("Petitioner"), by and through counsel, respectfully petitions this Honorable Court pursuant to 21 U.S.C. § 853(n) and the Notice of Forfeiture for a hearing to adjudicate its interest in certain property that is the subject of the forfeiture herein, and in support hereof, Petitioner would state the following:

    1.    Pursuant to the Notice of Forfeiture filed April 11, 2013 and first published April 18, 2013 (the "Notice"), certain property of Leslie Janous ("Defendant") was identified as being subject to forfeiture, which property is more particularly described in the Notice and which is incorporated herein by reference (collectively the "Property").

    2.    A judgment was entered against Defendant on October 27, 2011 in the case styled *United States of America v. Leslie Janous a.k.a. Leslie Anne Janous a.k.a. Leslie Ann Janous a.k.a. Leslie Gibbs Janous*, United States District Court for the Eastern District of Tennessee,

1

Docket Numbers 3:10-cr-124-001/3:11-cr-11-001 (the "Judgment"), which ordered restitution in favor of Petitioner in the amount of $6,651,829.07. A copy of the Judgment is attached hereto as **Exhibit A**.

3.     Petitioner would show unto the Court that Defendant used funds embezzled from Plaintiff to purchase and/or finance the purchase of real and personal property currently seized, confiscated, and/or in the possession of the United States Government, or agents thereof. Plaintiff initiated a lawsuit against Defendant pleading various causes of action, including fraud and embezzlement in the Knox County Chancery Court, Docket No. 178786-3. Plaintiff prayed for a constructive trust over all property, or proceeds thereof, which Defendant purchased with funds embezzled from Plaintiff. Plaintiff filed liens *lis pendens* with the Knox County Register of Deeds against the following real property that Defendant purchased, at least in part, or improved with money embezzled from Plaintiff: (i) 1308 Selby Lane, Knoxville, Tennessee; (ii) 12944 Peachview Drive, Knoxville, Tennessee; and (iii) 10041 & 10045 Northshore Drive, Knoxville, Tennessee.

4.     On October 24, 2011, the Knox County Chancery Court granted Plaintiff a judgment for $11,699,657.91 and a constructive trust over all assets, tangible or intangible, which were purchased or financed with funds embezzled from Plaintiff, including the proceeds thereof (the "Final Order"). The Final Order was entered on October 26, 2011, which Final Order was recorded with the Knox County Register of Deeds at Instrument Number 201110260022523 and which constitutes a lien against Defendant's property.

5.     By virtue of the liens *lis pendens*; the Final Order entered by the Knox County Chancery Court that was recorded as a judgment lien against Defendant's interest in any

property; and the fact that Defendant used funds embezzled from Petitioner to purchase the Property, Plaintiff asserts and interest in and makes a claim against the Property.

6. Plaintiff filed a Verified Claim in connection with the case styled *United States of America v. Leslie Janous Property (1308 Selby Lane, Knoxville, Tennessee)*, United Stated District Court for the Eastern District of Tennessee Knoxville Division, Docket No. 10-cv-423 (the "Claim"). A copy of the Claim is attached hereto as **Exhibit B**. A copy of the Final Order, as recorded with the Knox County Register's Office is attached to the Claim. Plaintiff also filed a Petition for Remission in connection with the property commonly known as 1308 Selby Lane, Knoxville, Tennessee (the "Petition"). A copy of the Petition is attached hereto as **Exhibit C**.

WHEREFORE, premises considered, Petitioner claims an interest in the Property and respectfully requests a hearing to adjudicate its interest in the Property, and requests that its interest in the Property be recognized and that the Property be turned over to Petitioner so that Petitioner can seek to recover the loss caused by Defendant.

Respectfully submitted this 13 day of ___Mal___ 2013.

_____
OLIVER D. ADAMS, BPR#026164
Attorney for Ucancarbon, Inc.
HODGES, DOUGHTY & CARSON, PLLC
617 Main Street
Knoxville, TN 37902
(865)292-2307

3

## DECLARATION UNDER PENALTY OF PERJURY

I, Oliver D. Adams, on behalf of Petitioner, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
OLIVER D. ADAMS

STATE OF TENNESSEE

COUNTY OF KNOX

Before me, a Notary Public for Knox County, State of Tennessee, personally appeared Oliver D. Adams, with whom I am personally acquainted, and who upon oath acknowledged that he executed the foregoing instrument for the purposes therein contained

Sworn to and subscribed to before me this _13th_ day of _____, 2013.

_____
Notary Public for the State of Tennessee

My commission expires: _6·30·13_

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon the following individuals by placing the same in the U.S. Mail, postage prepaid:

Anne-Marie Svolto, Esq.
Assistant U.S. Attorney
800 Market Street
Suite 211
Knoxville, Tennessee 37902

Frank Dale, Esq.
Assistant U.S. Attorney
800 Market Street
Suite 211
Knoxville, Tennessee 37902

This __15__ day of __May__, 2013.

# United States District Court
## Eastern District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**LESLIE JANOUS**<br>A.K.A. LESLIE ANNE JANOUS<br>A.K.A. LESLIE ANN JANOUS<br>A.K.A. LESLIE GIBBS JANOUS | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:    3:10-CR-124-001/3:11-CR-11-001<br><br>Elizabeth B. Ford/Kim A. Tollison<br><span style="font-size:small">Defendant's Attorney</span> |

**THE DEFENDANT:**

[✓]  pleaded guilty to Counts 8 and 9 of the Indictment in case number 3:10-CR-124 and Count 1 of the Information in case number 3:11-CR-11.

[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.

[ ]  was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | August 3, 2010 | 8,9 in case number 3:10-CR-124 |
| 18 U.S.C. § 1957 | Money Laundering | April 10, 2010 | 1 in case number 3:11-CR-11 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]  The defendant has been found not guilty on count(s) ___ .

[✓]  Counts 1,2,3,4,5,6,7,10,11,12 and 13 in case number 3:10-CR-124  [ ] is  [✓] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

October 27, 2011

Date of Imposition of Judgment

s/ Leon Jordan

Signature of Judicial Officer

LEON JORDAN, United States District Judge

Name & Title of Judicial Officer

November 8, 2011

Date



DEFENDANT: LESLIE JANOUS
A.K.A. LESLIE ANNE JANOUS
A.K.A. LESLIE ANN JANOUS
A.K.A. LESLIE GIBBS JANOUS

CASE NUMBER: 3:10-CR-124-001/3:11-CR-11-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 110 months .

This sentence consists of 110 months as to each of Counts 8 and 9 in case number 3:10-CR-124 and 110 months as to Count 1 in case number 3:11-CR-11; all such terms to be served concurrently.

[✓] The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated to FPC Alderson, WV.

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
[ ] at ___ [ ] a.m. [ ] p.m. on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before 2 p.m. on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LESLIE JANOUS
A.K.A. LESLIE ANNE JANOUS
A.K.A. LESLIE ANN JANOUS
A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER: 3:10-CR-124-001/3:11-CR-11-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .

This term consists of 3 years as to each of Counts 8 and 9 in case number 3:10-CR-124 and 3 years as to Count 1 in case number 3:11-CR-11, such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LESLIE JANOUS
A.K.A. LESLIE ANNE JANOUS
A.K.A. LESLIE ANN JANOUS
A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER: 3:10-CR-124-001/3:11-CR-11-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not incur new credit charges or apply for additional lines of credit without permission of the probation officer until restitution has been paid in full. In addition, she shall not enter into any contractual agreements which obligate funds without permission of the probation officer.

DEFENDANT:        LESLIE JANOUS
                  A.K.A. LESLIE ANNE JANOUS
                  A.K.A. LESLIE ANN JANOUS
                  A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER:      3:10-CR-124-001/3:11-CR-11-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|         | Assessment | Fine   | Restitution     |
|---------|------------|--------|-----------------|
| Totals: | $ 300.00   | $ 0.00 | $ 6,651,829.07  |

[ ]   The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|------------------------------------------|
| Scancarbon Inc.<br>108 South David Lane<br>Knoxville, TN 37922 | | $ 6,651,829.07 | |
| TOTAL: | | $ 6,651,829.07 | |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [✓] The interest requirement is waived for the [ ] fine and/or    [✓] restitution.

   [ ] The interest requirement for the   [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:    LESLIE JANOUS
                      A.K.A. LESLIE ANNE JANOUS
                      A.K.A. LESLIE ANN JANOUS
                      A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER:    3:10-CR-124-001/3:11-CR-11-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    [✓]   Lump sum payment of $ 6,652,129.07 due immediately, balance due

            [ ]  not later than _, or
            [ ]  in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B    [ ]   Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C    [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]   Payment during the term of supervised release will commence within |_ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✓]   Special instructions regarding the payment of criminal monetary penalties:

        The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of her release from imprisonment shall become a condition of supervision.

        The government may enforce the full amount of restitution ordered at any time, pursuant to 18 U.S.C. §§ 3612, 3613 and 3664(m).

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 800 Market St., Suite 130, Knoxville, TN 37902**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant Name, Case Number, and Joint and Several Amount:

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[✓]   The defendant shall forfeit the defendant's interest in the following property to the United States:

       -all assets referenced in the Agreed Preliminary Order of Forfeiture signed on November 4, 2011.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE KNOXVILLE DIVISION

United States of America,                    )
                                             )
        Plaintiff,                           )
                                             )
                                             )    No. 10-cv-423
                                             )
Leslie Janous Property                       )
(1308 Selby Lane, Knoxville, Tennessee)      )
                                             )
                                             )

---

## VERIFIED CLAIM OF SCANCARBON, INC.

---

Comes Scancarbon, Inc. ("Plaintiff"), by and through counsel, and makes the following

verified claim pursuant to Rule G of the Supplemental Rules of Admiralty or Maritime and Asset

Forfeiture Claims and would state the following:

1.      Leslie Janous ("Defendant") used funds embezzled from Plaintiff to purchase

and/or finance various items of real and personal property that are currently seized, confiscated,

or in the possession of the United States Government, or agents thereof. Plaintiff initiated a

lawsuit pleading various causes of action, including fraud and embezzlement, against Defendant

in Knox County Chancery Court Docket No. 178786-3. Plaintiff also prayed for a constructive

trust over all property, or proceeds thereof, which Defendant purchased with funds embezzled

from Plaintiff.

2.      Plaintiff filed liens *lis pendens* with the Knox County Register of Deeds against

the following real property that Defendant purchased, at least in part, or improved with money


EXHIBIT
B

embezzled from Plaintiff: (i) 1308 Selby Lane, Knoxville, Tennessee; (ii) 12944 Peachview Drive, Knoxville, Tennessee; and (iii) 10041 & 10045 Northshore Drive, Knoxville, Tennessee.

3.     On October 24, 2011, the Knox County Chancery Court granted Plaintiff a judgment for $11,699,657.91 and a constructive trust over all assets, tangible or intangible, that were purchased or financed with funds embezzled from Plaintiff, including the proceeds thereof. A Final Order reflecting the judgment was entered on October 26, 2011, which Final Order was recorded with the Knox County Register of Deeds at Instrument Number 201110260022523 and constitutes a lien against all Defendant's property, a true and exact copy of the Final Order and recording receipt are attached hereto.

4.     By virtue of the liens *lis pendens*; the Final Order entered by the Knox County Chancery Court that was recorded as a judgment lien against all Defendant's interest in any property; and the fact that Defendant used embezzled funds to purchase the property to which Plaintiff makes a claim (as of the filing of this claim, it is known that Defendant used $647,698.64 in funds embezzled from Plaintiff to purchase 1308 Selby Lane, Knoxville, Tennessee), Plaintiff claims a secured lien against the 1308 Selby Lane, Knoxville, Tennessee, in an amount not to exceed $11,699,657.91, plus $2000.00 spent to insure the real property and $860.33 spent to maintain utilities at the property, true and exact copies of invoices are attached hereto. Plaintiff also claims a secured lien against any and all property seized, confiscated, or in the possession of the United States Government, or agents thereof, including all cash, jewelry, vehicles, electronic equipment and other personal property of any type to the extent involved in this proceeding or any other.

2

Respectfully submitted this the 26th day of October 2011

/s/Oliver D. Adams
OLIVER D. ADAMS BPR #026164
Attorneys for Plaintiff
HODGES, DOUGHTY & CARSON
P.O. Box 869
Knoxville, Tennessee 37901-0869
(865) 292-2307

Oliver D. Adams, attorney for Scancarbon, Inc., having been duly sworn according to law and upon his oath states that the foregoing is true to the best of his knowledge and belief.

_____
OLIVER D. ADAMS, ESQ.

Sworn to and subscribed before me
this 26th day of __October__

_____
Notary Public for the State of Tennessee

My Commission Expires: __6 4 2__

SHERRY WITT

KNOX County Register of Deeds

## CUSTOMER RECEIPT - RECORDING SERVICES

Receipt Number: T2011005847-7
Date/Time: 10/26/2011 13:21:42
Method Received: Walk-In
Clerk: Pennye

Customer Name : HODGES DOUGHTY

### Transaction Detail

| Instrument Number | Instrument Type | Gen. Fee | Equip. Fee | Transfer Tax | Mortgage Tax | Copy | Cert. Copy | Total Copy Fee | # Pgs | Consideration | Subtotal |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2011026002252-3 | LEN | $40.00 | $2.00 | $0.00 | $0.00 | N | N | $0.00 | 8 | | $42.00 |

First Party Name
JANOUS, LESLIE GIBBS

Second Party Name
SCANCARBON INC

PICK UP

Authorized Agent

### Payment Information

| Method of Payment | Payment Control ID | | Amount |
|---|---|---|---|
| Check | 1613 | | $42.00 |

| | |
|---|---|
| AMOUNT PAID: | $42.00 |
| LESS AMOUNT DUE: | $42.00 |
| CHANGE RECEIVED: | $0.00 |

10/26/2011  1:22PM

Knox County Register of Deeds * 400 Main Street * Suite 225 * Knoxville, TN 37902

Page 1 of 1

Case 3:10-cv-00423   Document 16   Filed 10/26/11   Page 4 of 21   PageID #: 56

# IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

SCANCARBON, INC., )
)
        · Plaintiff, )
)
v. )     Docket No. 178786-3
)
LESLEIGH ENTERPRISES, LLC, )
LESLIE GIBBS JANOUS, )
a/k/a LESLIE ANNE JANOUS, )
a/k/a LESLIE JANOUS, )
a/k/a LESLIE ANN GIBBS, )
a/k/a LESLIE GIBBS, and )
LEIGH DERRICK JANOUS, )
a/k/a MARTHA LEIGH JANOUS, )
)
        Defendants. )

## FINAL ORDER

This cause came on for hearing before the Honorable Michael W. Moyers, Chancellor for the

Knox County Chancery Court on the 24ᵗʰ Day of October, 2011, for a Writ of Inquiry on damages

pursuant to the Court's order entered granting Scancarbon, Inc.'s ("Plaintiff") motion for default against

Leslie Gibbs Janous, a/k/a Leslie Anne Janous, a/k/a Leslie Janous, a/k/a Leslie Ann Gibbs, a/k/a Leslie

Gibbs, a/k/a Leslie Janous ("Defendant") after a hearing held on September 26, 2011; Defendant was

given notice of this hearing, was called out, and failed to answer; upon the testimony of Sandy Todd and

Audun Hammersmark Hansen, the record in its entirety, and argument of counsel, the Court is of the

opinion that Plaintiff is entitled to damages for fraud and embezzlement against Defendant; punitive

damages against Defendant, and to a constructive trust over all of Defendant's property, tangible and

intangible, it is therefore,

    ORDERED, ADJUDGED and DECREED that the Court makes the following findings of fact:

1

1.     Plaintiff employed Defendant as a bookkeeper from 2003 to 2010. Defendant's employment duties included, *inter alia*, posting accounts, creating reports on accounts payable, managing payments to vendors, managing credit card accounts, managing phone accounts, and creating financial reports.

2.     Shortly after Defendant began working for Plaintiff, she began stealing money from Plaintiff.

3.     Between 2004 and 2010, Defendant used unauthorized wire transfers to embezzle money from Plaintiff's bank account to an account established in the name of Lesleigh Enterprises, LLC (of which Defendant was a member), from where Defendant disbursed the embezzled funds to several accounts she held. Through these unauthorized wire transfers, Defendant embezzled and fraudulently obtained $4,569,059.86 from Plaintiff.

4.     Defendant did not have authority to sign checks on behalf of Plaintiff. Between 2004 and 2010, Defendant forged the maker's signature of Plaintiff's authorized signatories on checks payable to herself. Through these unauthorized checks, Defendant embezzled and fraudulently obtained $1,621,595.99 from Plaintiff.

5.     Defendant also made unauthorized charges on Plaintiff's credit cards. Through these unauthorized charges, Defendant embezzled and fraudulently obtained $509,002.06 from Plaintiff.

6.     Prior to committing the embezzlement scheme detailed hereinabove, Defendant was fired from Elite Landscaping Management for embezzling in 2002. On May 28, 2003, Defendant was indicted in the Sevier County General Sessions Court for the charge of Theft Over $10,000.00. On June 10, 2004, judgment was entered against Defendant by the Sevier Circuit Court, whereby Defendant was ordered to pay restitution to her former employer. Defendant used some of the funds she embezzled from Plaintiff to pay this court-ordered restitution.

2

7.     Defendant used the money she fraudulently obtained from Plaintiff to fund an ultra-lavish lifestyle, which included the following purchases:

(a)     The real property with improvements thereon commonly known as 1308 Selby Lane, Knoxville, Tennessee (the "Selby Lane Property");

(b)     The real property with improvements thereon commonly known as 12944 Peachview Drive, Knoxville, Tennessee (the "Peachview Property");

(c)     The real property commonly known as 10041 and 10045 Northshore Drive, Knoxville, Tennessee (the "Northshore Property");

(d)     2008 BMW X5 (black in color);

(e)     2008 BMW X5 (titanium in color);

(f)     2009 BMW 750 (black in color);

(g)     2010 Audi A4 (blue in color);

(h)     2006 Aston Martin Vantage Coupe (black in color);

(i)     2008 Maseratti Quattroporte (black in color);

(j)     2007 Aston Martin DB9 Convertible (black in color);

(k)     2008 Mercedes S550 (black in color); and

(l)     2008 Mercedes SL550.

8.     Additionally, Defendant also purchased the following on her American Express cards that were paid with funds embezzled from Plaintiff:

(a)     $475,693.71 in furniture and home furnishings;

(b)     $392,668.78 in apperal and accessories;

(c)     $297,365.00 in jewelry;

(d)     $112,954.64 in electronic equipment;

3

(e)    $109,385.01 in travel; and

(f)    $15,492.67 in pet supplies.

These items represent only a fraction of the lavish items and services purchased by Defendant using funds embezzled from Plaintiff.

9.    Defendant attempted to conceal her embezzlement by forging fake financial statements, deleting financial records from Plaintiff's computers, creating false bank statements, and making false accounting entries. The embezzlement was discovered when Plaintiff's affiliate performed an audit in 2010 prompted by discrepancies in Plaintiff's financial statements that were forged by Defendant in her scheme to cover up her embezzlement. During the audit, Defendant attempted to delete Plaintiff's financial accounting software but was unsuccessful. When Defendant was confronted by Sandy Todd about the newly discovered falsified financial information, Defendant left work and never returned. The next day, Defendant sold the 2007 Aston Martin, the 2008 BMW X5 (black in color), and the 2008 Mercedes SL550 to U.S.I. Motors in Knoxville for the total sum of $160,000.00. Of that amount, $59,421.61 was paid to a lienholder, the remaining $100,578.39 was tendered to Defendant via check, which check was depositied into two bank accounts jointly held by Leigh Janous and Brittany Janous that were opened with Bank of America at that time. Defendant also quitclaimed her interest in the Selby Lane Property, the Peachview Property, and the Northshore Property to Leigh Janous in order to place the property out of the hands of creditors.

10.    Unfortunately, Defendant spent much of the embezzled funds on items that have little value compared to the original purchase price and many items that would have value have not been recovered.

11.    After Defendant was arrested, she liquidated her 401K account with Plaintiff and used the money to flee justice. She was eventually captured by Federal agents and returned to custody.

4

Based on the foregoing, it is ORDERED, ADJUDGED, AND DECREED that the Court makes the following conclusions of law:

1.     Defendant embezzled and obtained through fraud $6,699,657.91 from Plaintiff.

2.     Punitive damages are reserved for the most egregious cases and this is such a case. Plaintiff demonstrated by clear and convincing evidence that Defendant acted intentionally, fraudulently, and maliciously in embezzling close to Seven Million Dollars from Plaintiff. Moreover, many of the factors set forth by the Tennessee Supreme Court in *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992) are present. Defendant's intentional behavior is egregious. In addition to the shear amount of money she fraudulently obtained, she attempted to conceal her theft by forging various financial documents and bank statements. Defendant's scheme lasted six years, and all the while, she abused a position of trust that she was given by Plaintiff. Defendant made no attempt to remedy the situation, but instead, as noted before, attempted to hide the fraudulent scheme and even fled from Federal agents once she had been arrested. Defendant has made no attempts to return any items of value from which Plaintiff could attempt to recoup its losses. Most notably, there clearly exists the need to deter future conduct because Defendant has been adjudged guilty of embezzling from an employer before. Defendant's actions have caused harm beyond the simple fact that she stole an astonishingly large amount of money. Defendant damaged Plaintiff's cash-flow to the extent that Plaintiff can no longer conduct the volume of business it once could. Plaintiff also sold an asset under the false belief that it was losing money, when in reality, Defendant was posting losses to the asset to cover her embezzlement. The same asset was later sold for a profit of close to $59,000,000.00, and Plaintiff's would not have sold the asset had it not falsely believed it to be losing money. In light of the foregoing, and to serve the dual purpose of punishing Defendant and deterring future crimes of a similar nature, the Court finds that an award of $5,000,000.00 in punitive damages is appropriate.

5

3. Defendant used funds embezzled from Plaintiff to purchase and finance a litany of items, to which Defendant had no lawful right. Therefore, Plaintiff is entitled to a constructive trust over any and all goods, assets, real property, personal property, tangible property, intangible property, and cash derived from funds embezzled from Plaintiff, including the proceeds of any items Defendant purchased using funds embezzled from Plaintiff.

It is therefore, ORDERED, ADJUDGED AND DECREED that Plaintiff shall have and recover a judgment against Defendant for (i) compensatory damages in the amount of $6,699,657.91, plus post-judgment interest accruing at the statutory rate until paid in full and (ii) punitive damages in the amount of $5,000,000.00. It is further ORDERED that Plaintiff is entitled to a constructive trust over any and all goods, assets, real property, personal property, tangible property, intangible property, property of any kind, and cash derived from funds embezzled from Plaintiff, including the proceeds of any items purchased or financed using funds embezzled from Plaintiff. It is further ORDERED that there is no just reason for delay and pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure this judgment is final.

SO ORDERED.

MICHAEL W. MOYERS Chancellor
KNOX COUNTY CHANCERY COURT

6

Approved for Entry:

_____
OLIVER D. ADAMS, BPR #026164
*Attorney for Plaintiff*
HODGES, DOUGHTY & CARSON
617 Main Street
Post Office Box 869
Knoxville, TN 37901-0869
Telephone: (865) 292-2307

_____ w/ permission J./
ALLISON JACKSON, BPR #019230
*Attorney for Leigh Janous*
HAGOOD, TARPY & COX, PLLC
900 S. Gay Street, Suite 2100
Knoxville, TN 37902-0869
Telephone: (865) 525-7313

7

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing has been served upon all counsel in this matter by delivering or placing a copy in the United States Mail with sufficient postage thereon to carry same to its destination as follows:

Leslie Janous (via hand delivery)
Knox County Sheriff's Detention Facility
5001 Maloneyville Road
Knoxville, Tennessee 37918

This __16__ day of __October__, 2011.

8



**Frankenmuth** **New**
INSURANCE  NAMED INSURED
SCANCARBON INC

NAMED INSURED
SCANCARBON INC
108 S DAVID LN
KNOXVILLE, TN 37922

**NEW**
# Declaration

POLICY NO.        ISSUE DATE
CPP6156215       08/19/2011

BILLING ACCOUNT NO.
6156215000

POLICY TERM
05/16/2011 to 03/01/2012

YOUR AGENCY IS:
THE INSURANCE GROUP, LLC
PO 32545, 412 N CEDAR BLUFF
KNOXVILLE, TN 37923

FORM OF BUSINESS
Corporation

Phone (865) 670-0911 Agent No. 0410063-00
INSURER: FRANKENMUTH MUTUAL INSURANCE COMPANY

## Summary of Coverages and Premiums

### Premiums

This policy consists of the following coverage parts for which a premium is indicated. This premium may be subject to adjustment. In return for the payment of the premium, and subject to all the terms of this policy, we agree to provide the insurance as stated in this policy.

| COVERAGE PARTS | PREMIUM |
| --- | --- |
| Commercial Property Coverage Part | $1,840 |
| Commercial General Liability Coverage Part | $160 |
| Premium For Terrorism Coverage | Waived |
| Total Annual Premium | $2,000 |

### Policy Locations

1
1300 SELBY LN
KNOXVILLE, TN
KNOX 37922-5536

## Billing Information

A statement of account or payment schedule will be mailed to you shortly for the Short-Term Premium.

THE
INSURANCE
GROUP

Neil A. Zabo, CPCU

Cell: 865.389.0765
865.670.0876 / 800.951.4196
412 N. Cedar Bluff Road, Suite 108, Knoxville, TN 37923
P.O. Box 32545, Knoxville, TN 37930-2545
Fax: 865.670.0877

naz@insgrp.net

Case 3:10-cv-00423   Document 16   Filed 10/26/11   Page 13 of 21   PageID #: 65

 **Frankenmuth**
INSURANCE

**BILLING ACCOUNT #:** 6158215000

ACCOUNT: SCANCARBONING
108 S DAVID LN
KNOXVILLE TN 37922

BILLED TO: SCANCARBONING
108 S DAVID LN
KNOXVILLE TN 37922

AGENT NUMBER 0410063

**FOR INSURANCE COVERAGE QUESTIONS CALL:**
(865) 670-0911
THE INSURANCE GROUP, LLC
CALL (800) 288-6121 OR (989) 652-6121 TO
VERIFY YOUR BILLING AND/OR PAYMENT STATUS.
YOUR BILLING ACCOUNT # : 6158215000

ACTIVITY AFTER 06/26/2011
WILL APPEAR ON YOUR NEXT STATEMENT.

*\*\* YOUR POLICY WAS MAILED TO YOU SEPARATELY. THANK YOU FOR LETTING US SERVE YOU.*

| DESCRIPTION | POLICY NUMBER | CO* | POLICY TERM FROM - TO | ACCOUNT ACTIVITY | MINIMUM DUE |
|---|---|---|---|---|---|
| FULL-TERM PAYMENT PLAN | | | | | |
| PREVIOUS ACCOUNT BALANCE | | | | $0.00 | |
| COML PKGE POLICY NEW | CPP 6158215 | 05 | 05/16/11 - 09/01/12 | $2,000.00 | |
| COML PKGE POLICY MINIMUM DUE | | | | | $2,000.00 |
| NEW ACCOUNT BALANCE | | | | $2,000.00 | |
| CURRENT AMOUNT DUE | | | | | $2,000.00 |

*Willie Newell*

*NOTICE: PAYMENT MUST BE RECEIVED IN OUR OFFICE ON OR BEFORE THE DUE DATE. A $20.00 LATE FEE WILL BE ASSESSED TO YOUR ACCOUNT FOR PAYMENTS RECEIVED AFTER THIS DATE.*

**CURRENT DUE**     **$2,000.00**    DUE **07/16/11**

* CO INSURER: 05 - Frankenmuth Mutual Insurance 06 - Ansur America 07 - Patriot Insurance

⌐ PLEASE MAIL LOWER PORTION AND CHECK MADE PAYABLE TO FMIC ¬

Scancarbon Inc

20255

Frankenmuth Mutual Insurance Co

| Date | Type | Reference | Original Amt. | Balance Due | 7/8/2011 Discount | Payment |
|---|---|---|---|---|---|---|
| 6/26/2011 | Bill | 62611 | 2,000.00 | 2,000.00 | Check Amount | 2,000.00 2,000.00 |

BB&T Checking

2,000.00

1/804/001 1 2 237 010 0000030403 14

| ACCOUNT NUMBER: | 587-1726-4 |
|---|---|
| METER NUMBER: | 115080 |
| CUSTOMER NAME: | SCANCARBON INC |
| SERVICE ADDRESS: | 1900 SELBY LN |
| METER READING DATE: | AUG 18 2011 |



LENOIR CITY UTILITIES BOARD
P.O. Box 449
Lenoir City, TN 37771-0449
Telephone 865-986-6591

www.lcub.com

CREDIT CARD PAYMENTS: 1-866-268-3173



This office is not responsible for bills, final notices or payments lost in the mail.
Previous balance added to this bill is past due and is subject to collection actions prior to the due date of this bill.

| SERVICE | DAYS BILLED | PREVIOUS READING | CURRENT READING | AMOUNT USED | AMOUNT |
|---|---|---|---|---|---|
| ELECTRICITY | 31 | 8077 | 11956 | 3879 | 312.04 |
| TVA FUEL COST | | | | | 110.44 |
| STATE SALES TAX | | | | | 29.57 |
| | | | | | |
| TOTAL CURRENT CHARGES | | | | | 452.05 |

EQUAL PAY PLAN Y-T-D DIFFERENCE
Reconciled in August of each year.
A minus sign indicates a credit on your bill.

| PREVIOUS AMOUNT DUE | LATE CHARGES | PAYMENTS & ADJUSTMENTS | OTHER DEBITS/CREDITS | BALANCE FORWARD | CURRENT CHARGES | NET AMOUNT DUE |
|---|---|---|---|---|---|---|
| 105.47 | .00 | 105.47- | .00 | .00 | 452.05 | 452.05 |

WHY IS COOKING GREASE A PROBLEM? IF YOU POUR COOKING GREASE DOWN YOUR DRAINS, IT WILL BUILD UP AND BLOCK PIPES, CAUSE RANCID ODORS, AND COSTLY SEWAGE BACKUPS IN YOUR HOME. IT CAN ALSO CLOG LCUB'S SEWER LINES. IN FACT, GREASE IS THE LEADING CAUSE OF DRY WEATHER SEWER BACKUPS, WHICH ARE A POTENTIAL THREAT TO OUR ENVIRONMENT. WIPE OFF GREASY DISHES, POUR GREASE INTO A CAN OR HEAT-RESISTANT OVEN BAGS FOR DISPOSAL IN THE TRASH.

587-1726-4

| PERIOD | DAYS | ELECTRICAL SERVICE CHARGE | DAILY AVG CHARGES |
|---|---|---|---|
| CURRENT | 31 | 452.46 | 13.63 |
| LAST MONTH | 8 | 80.47 | 13.41 |
| YEAR AGO | N/A | N/A | N/A |

PLEASE DETACH AND RETURN BOTTOM PORTION IF PAYING BY MAIL

Scancarbon Inc

20258

Lenoir City Utilities Board

| Date | Type | Reference | Original Amt. | Balance Due | 9/13/2011 Discount | Payment |
|---|---|---|---|---|---|---|
| 8/18/2011 | Bill | 081811 | 452.05 | 452.05 | | 452.05 |
| | | | | | Check Amount | 452.05 |

452.05

| ACCOUNT NUMBER: | 597-1726-4 |
|---|---|
| METER NUMBER: | 115080 |
| CUSTOMER NAME: | SCANCARBON INC |
| SERVICE ADDRESS: | 1308 SEEBER LN |
| METER READING DATE: | SEP 17 2011 |

This office is not responsible for bills, final notices or payments lost in the mail. Previous balance added to this bill is past due and is subject to collection actions prior to the due date of this bill.

**LENOIR CITY**
**LCUB**
**UTILITIES BOARD**



LENOIR CITY UTILITIES BOARD
P.O. Box 449
Lenoir City, TN 37771-0449
Telephone: 865-986-6591

www.lcub.com

CREDIT CARD PAYMENTS: 1-866-268-3173

| SERVICE | DAYS BILLED | PREVIOUS READING | CURRENT READING | AMOUNT USED | AMOUNT |
|---|---|---|---|---|---|
| ELECTRICITY | 30 | 11956 | 14526 | 2570 | 211.89 |
| TVA FUEL COST | | | | | 71.11 |
| STATE SALES TAX | | | | | 19.81 |

*William F. Noval* (signature)

| TOTAL CURRENT CHARGES | | | | | 302.81 |

EQUAL PAY PLAN Y-T-D DIFFERENCE
Reconciled in August of each year.
Minus sign indicates a credit on your behalf.

| PREVIOUS AMOUNT DUE | LATE CHARGES | PAYMENTS & ADJUSTMENTS | OTHER DEBITS/CREDITS | BALANCE FORWARD | CURRENT CHARGES | NET AMOUNT DUE |
|---|---|---|---|---|---|---|
| 452.05 | .00 | 452.05- | .00 | .00 | 302.81 | 302.81 |

INSTANT REBATE OFFERED FOR A LIMITED TIME ONLY ON IN-HOME ENERGY EVALUATION. THAT MEANS YOUR TOTAL COST FOR THE HOME EVALUATION IS JUST $60. THAT'S IN ADDITION TO THE REBATES WORTH UP TO $600 YOU'LL EARN WHEN YOU MAKE ELIGIBLE ENERGY SAVING IMPROVEMENTS TO YOUR HOME.

SAVE ENERGY. EARN EVEN MORE CASH! OFFER EXPIRES 12/31/11

597-1726-4

| PERIOD | DAYS | ELECTRICAL SERVICE CHARGE | DAILY AVG. CHARGES |
|---|---|---|---|
| CURRENT | 30 | 283.00 | 9.43 |
| LAST MONTH | 31 | 452.05 | 14.58 |
| YEAR AGO | N/A | N/A | N/A |

PLEASE DETACH AND RETURN BOTTOM PORTION IF PAYING BY MAIL

Scancarbon Inc

20259

Lenoir City Utilities Board

| Date | Type | Reference | Original Amt. | Balance Due | 10/5/2011 Discount | Payment |
|---|---|---|---|---|---|---|
| 9/17/2011 | Bill | 091711 | 302.81 | 302.81 | | 302.81 |
| | | | | | Check Amount | 302.81 |

BB&T Checking

TUU7/UUI 1 2 207 019 UUUUU364II9 (4)

| ACCOUNT NUMBER: | 587-1726-4 |
| METER NUMBER: | 115080 |
| CUSTOMER NAME: | SCANCARBON INC |
| SERVICE ADDRESS: | 1300 SELBY LN. |
| METER READING DATE: | JUL 18 2011 |

This office is not responsible for bills, final notices or payments lost in the mail.
Previous balance added to this bill is past due and is subject to collection actions prior to the due date of this bill.



**LENOIR CITY**
**LCUB**
**UTILITIES BOARD**

**LENOIR CITY UTILITIES BOARD**
P.O. Box 449
Lenoir City, TN 37771-0449
Telephone: 865-986-6591

www.lcub.com

CREDIT CARD PAYMENTS: 1-866-268-3173

| SERVICE | DAYS BILLED | PREVIOUS READING | CURRENT READING | AMOUNT USED | AMOUNT |
|---|---|---|---|---|---|
| ELECTRICITY | 6 | 7503 | 8077 | 574 | 59.18 |
| TVA FUEL COST | | | | | 16.03 |
| SERVICE CHARGE | | | | | 25.00 |
| STATE SALES TAX | | | | | 5.26 |

*ENTER ON SCI QB*

*UTILITIES ON MC MANSION*

| TOTAL CURRENT CHARGES: | | | | | 105.47 |

EQUAL PAY PLAN Y-T-D DIFFERENCE
* Reconciled in August of each year.
* Minus sign indicates a credit on your bill.

NET AMOUNT DUE

| PREVIOUS AMOUNT DUE | LATE CHARGES | PAYMENTS & ADJUSTMENTS | OTHER DEBITS/CREDITS | BALANCE FORWARD | CURRENT CHARGES | NET AMOUNT DUE |
|---|---|---|---|---|---|---|
| .00 | .00 | .00 | .00 | .00 | 105.47 | 105.47 |

587-1726-4

| PERIOD | DAYS | ELECTRICAL SERVICE CHARGE | DAILY AVG CHARGES |
|---|---|---|---|
| CURRENT | 6 | 75.21 | 12.54 |
| LAST MONTH | N/A | N/A | N/A |
| YEAR AGO | N/A | N/A | N/A |

PLEASE DETACH AND RETURN BOTTOM PORTION IF PAYING BY MAIL

Scancarbon Inc                                                          20256

Lenoir City Utilities Board

| Date | Type | Reference | Original Amt. | Balance Due | 8/8/2011 Discount | Payment |
|---|---|---|---|---|---|---|
| 7/18/2011 | Bill | 071811 | 105.47 | 105.47 | | 105.47 |
| | | | | | Check Amount | 105.47 |

PAYMENT RECORD

BB&T Checking                                                            105.47

| IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE | ABSTRACT OF LIEN LIS PENDENS | PART: _III_ |
|---|---|---|
| | | FILE NO. _178786-3_ |

| PLAINTIFF: SCANCARBON, INC. | DEFENDANTS: _Lesleigh Enterprises, LLC_, NBA LESLIE GIBBS JANOUS, A/K/A LESLIE ANNE JANOUS, A/K/A LESLIE JANOUS, A/K/A LESLIE ANN GIBBS, A/K/A LESLIE GIBBS, AND LEIGH DERRICK JANOUS, A/K/A MARTHA LEIGH JANOUS |
|---|---|

SHERRY WITT
REGISTER OF DEEDS
KNOX COUNTY

**KNOW ALL PERSONS BY THESE PRESENTS**, that pursuant to T.C.A. § 20-3-101(a), I hereby certify that on the 22nd day of September, 2010, this action was commenced in this court and remains on file and of record in my office and that according to such record:

1. The names of the parties to this action are:

_Lesleigh Enterprises, LLC_, NBA

**PLAINTIFF** - SCANCARBON, INC. **DEFENDANTS** - LESLIE GIBBS JANOUS, A/K/A LESLIE ANNE JANOUS, A/K/A LESLIE JANOUS, A/K/A LESLIE ANN GIBBS, A/K/A LESLIE GIBBS, AND LEIGH DERRICK JANOUS, A/K/A MARTHA LEIGH JANOUS

2. A description of the real estate affected is:

SEE ATTACHED **EXHIBIT A; EXHIBIT B; AND EXHIBIT C.**

3. The owner(s) of the real estate affected is/are:
LESLIE GIBBS JANOUS, A/K/A LESLIE ANNE JANOUS, A/K/A LESLIE JANOUS, A/K/A LESLIE ANN GIBBS, A/K/A LESLIE GIBBS, AND LEIGH DERRICK JANOUS, A/K/A MARTHA LEIGH JANOUS

4. The nature and amount of the lien sought to be fixed is:

CONSTRUCTIVE TRUST AND INJUNCTIVE RELIEF - $4,569,059.86

5. That a restraining order affecting said property ☐ has ☒ has not been issued. If issued, information relevant to the restraining order and the duration thereof, pursuant to T.C.A. § 20-3-105, is:

**NOTICE IS HEREBY GIVEN** to bona fide purchasers and encumbrancers for value of the aforesaid property, or any interest therein, that upon registration of this abstract with the Knox County Register's Office, the Plaintiff noted above has a lien *lis pendens* upon said property, as provided in T.C.A. § 26-4-104.

This the 22nd day of September, 2010.

HOWARD HOGAN CLERK & MASTER

By _____
DEPUTY C&M

*UPON THE FILING OF THIS ABSTRACT OF LIS PENDENS WITH THE KNOX COUNTY REGISTER'S OFFICE THE REGISTER SHALL RETURN THE ORIGINAL OF THIS DOCUMENT CONTAINING THE BOOK AND PAGE NUMBER TO THE CLERK & MASTER FOR FILING*

Knox County     Page: 1 of 4
REC'D FOR REC 09/23/2010 9:59:43AM
RECORD FEE: $22.00
M. TAX: $0.00 T. TAX: $0.00
201009230018332

## EXHIBIT A

PROPERTY DESCRIPTION:

The property known as: **10041 & 10045 S. Northshore Drive, Knoxville, Tennessee 37922**

SITUATED in District No. Six (6) of Knox County, Tennessee and without corporate limits and being known and designated as all of Lot 2R-1B1R, of the Final Plat of Lots 2R-1B1 and 2R-1B2 of the Resubdivision of Lot 2R-1B of Michael Dunham Property, a map of the same at Instrument No. 200810070024327, in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description.

BEING THE SAME property conveyed to David Bryan Good and wife, Sherri D. Good from Bradford B. Reddick and wife, Tonya T. Reddick by Warranty Deed dated September 13, 2002 and filed of record September 18, 2002 in Instrument Number 200209180023938 Register's Office of Knox County, Tennessee.

Page: 2 OF 4
201009230018332

## EXHIBIT B

PROPERTY DESCRIPTION:

The property known as: **1525 Wembley Hills Road, Knoxville, Tennessee 37922**

SITUATED in the 6th Civil District of Knox County, Tennessee, and without the corporate limits of the City of Knoxville, Tennessee, and being known and designated as Lot 46 of Sherwood of Whittington Creek, as shown on the plat of record in Plat Cabinet P, Slide 208-B in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description, and according to the survey of James H. Loveday, Surveyor, dated July 23, 2002, Job #02186.

BEING the same property conveyed to Robert N. Page and wife, Diane R. Page by Warranty Deed from Bryan E. Testerman, Trustee, said Warranty Deed being dated August 20, 2002 and of record at Instrument #200208270016845 in the Register's Office for Knox County, Tennessee.


Page: 3 OF 4
201009230018332

## EXHIBIT C

### PROPERTY DESCRIPTION

The property known as: **1308 Selby Lane, Knoxville, Tennessee 37922**

SITUATED in the 6th Civil District of Knox County, Tennessee, and without the corporate limits of the City of Knoxville, Tennessee, and being known and designated as Lot 47 of Sherwood of Whittington Creek, as shown on the plat of record in Plat Cabinet P, Slide 208-B in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description, and according to the survey of James H. Loveday, Surveyor, dated July 23, 2002, Job #02186.

BEING the same property conveyed to Robert N. Page and wife, Diane R. Page by Warranty Deed from Bryan E. Testerman, Trustee, said Warranty Deed being dated August 20, 2002 and of record as Instrument #200208270016846 in the Register's Office for Knox County, Tennessee.

Page: 4 OF 4
201009230018332



**HODGES DOUGHTY & CARSON**
ATTORNEYS

DALTON L. TOWNSEND
ROY L. AARON
DEAN B. FARMER
ALBERT J. HARB
EDWARD G. WHITE II
THOMAS H. DICKENSON
J. WILLIAM COLEY
J. MICHAEL HAYNES
T. KENAN SMITH
WAYNE A. KLINE
B. CHASE KIBLER
CHRISTOPHER D. HEAGERTY
KRISTI M. DAVIS
JOSHUA M. BALL
JOSHUA J. BOND
LISA J. HALL
KANDI R. YEAGER
E. MICHAEL BREZINA III
W. MICHAEL BAISLEY

ASSOCIATES
OLIVER D. ADAMS
WESLEY D. STONE
WILLIAM D. EDWARDS

SPECIAL COUNSEL
CHRISTOPHER A. HALL

OF COUNSEL
ROBERT R. CAMPBELL
JOHN W. WHEELER
DAVID N. WEDEKIND
JULIA S. HOWARD
HIRAM G. TIPTON

RETIRED
JONATHAN H. BURNETT
DAVID E. SMITH
DOUGLAS L. DUTTON
WILLIAM F. ALLEY, JR

J.H. HODGES (1896-1983)
J.H. DOUGHTY (1903-1987)
RICHARD L. CARSON (1912-1980)
JOHN P. DAVIS, JR. (1923-1977)

January 24, 2013

Phone: (865) 292-2225
E-mail: oadams@hdclaw.com

The Attorney General of the United States
C/o U.S. Attorney General for the Eastern District of Tennessee
800 Market Street, Suite 211
Knoxville, Tennessee 37902

Federal Bureau of Investigations
Knoxville Office
1501 Dowell Springs Boulevard
Knoxville, Tennessee 37909

United States Attorney's Office
Attn: Stephanie Smith
FSA Contractor Supervisory Paralegal
800 Market Street, Suite 211
Knoxville, Tennessee 37902

      RE:    Petition for Remission of Scancarbon, Inc.
              United States v. Leslie Janous, Case No. 3:10-cr-124-001/3:11-cr-11-001

To Whom It May Concern:

     Please find enclosed a *Petition for Remission of Scancarbon, Inc. with Respect to 1308 Selby Lane, Knoxville, Tennessee.* Should you have any questions, please do not hesitate to contact me. Additionally, if there are any problems with our documentation, please contact me immediately.

              Very truly yours,

              **HODGES, DOUGHTY & CARSON, PLLC**

              Oliver D. Adams



EXHIBIT
C

617 MAIN STREET | P.O. BOX 869 | KNOXVILLE, TENNESSEE 37901-0869
PHONE (865) 292-2307 | FAX (865) 292-2321 | WWW.HDCLAW.COM
*A Professional Limited Liability Company*
ESTABLISHED 1931

ODA
Enclosure
cc:  Sandra J. Todd (w/enclosure)
     Thomas H. Dickenson (w/enclosure)

## PETITION FOR REMISSION OF SCANCARBON, INC.
## WITH RESPECT TO 1308 SELBY LANE, KNOXVILLE, TENNESSEE

To:    The Attorney General of the United States
c/o U.S. Attorney General for the Eastern District of Tennessee
800 Market Street, Suite 211
Knoxville, Tennessee 37902

Federal Bureau of Investigations
Knoxville Office
1501 Dowell Springs Boulevard
Knoxville, Tennessee 37909

United States Attorney's Office
Attn: Stephanie T. Smith
FSA Contractor Supervisory Paralegal
800 Market Street, Suite 211
Knoxville, Tennessee 37902

From:  Scancarbon, Inc.
108 South David Lane
Knoxville, Tennessee 37922
(865) 769-9094
Tax ID No. 62-1318664

COMES Scancarbon, Inc. ("Scancarbon"), by and through counsel, and submits this Petition for Remission, and for grounds would state as follows:

1.    Scancarbon was the victim of an offense committed by Leslie Janous, a/k/a Leslie Anne Janous, a/k/a Leslie Ann Janous, a/k/a, Leslie Gibbs Janous ("Defendant"). Defendant plead guilty and was convicted in the case styled *United States of America v. Leslie Janous A.K.A Leslie Anne Janous A.K.A. Leslie Ann Janous A.K.A. Leslie Gibbs Janous*, United States District Court for the Eastern District of Tennessee, Case No. 3:10-cr-124-001/3:11-cr-11-001, by Judgment dated November 8, 2011. A copy of the Judgment is attached hereto as **Exhibit A**. Through Defendant's criminal activities and without the knowledge of Scancarbon, Defendant embezzled and obtained through fraud $6,699,657.91 from Scancarbon.

4.     In in order to attempt to recover the losses caused by Defendant, Scancarbon

sought and obtained a civil judgment against Defendant in the case styled *Scancarbon, Inc. v.*

*Lesleigh Enterprises, LLC, Leslie Gibbs Janous, a/k/a Leslie Anne Janous, a/k/a Leslie Janous,*

*a/k/a Leslie Ann Gibbs, a/k/a Leslie Gibbs, and Leigh Derrick Janous, a/k/a Martha Leigh*

*Janous*, Knox County Chancery Court Docket No. 178786-3.  A copy of the civil judgment is

attached hereto as **Exhibit C**.  Additionally, the principals of Scancarbon assisted the Attorney

General in the investigation and prosecution of the criminal case against Defendant.

5.     The only real chance of recovering any of losses caused by Defendant will be

through remission of the items seized from Defendant and held by the United States, including

the Property.

6.     Scancarbon has received $110,063.51 in money that the United States seized from

Defendant.  Additionally, Scancarbon has received $125.00 in wages garnished from

Defendant's work in prison.

7.     The undersigned affirms that if Scancarbon receives any compensation for its

losses, that Scancarbon will immediately notify the official who grants this petition (if it is

granted) of that fact.

8.     Scancarbon understands that this petition will be governed by the regulations,

including definitions of terms such as "victim" and "related offense," set forth in 28 C.F.R. § 9.1

*et seq.*

WHEREFORE, based on the foregoing, Scancarbon requests that this Petition be granted

and that the Property be remitted to Scancarbon.

By _____
Oliver D. Adams (BPR # 026164)
Attorney for Scancarbon, Inc.

OF COUNSEL

HODGES, DOUGHTY & CARSON, PLLC
617 Main Street
P. O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307

## DECLARATION OF REPRESENTED PETITIONER

STATE OF TENNESSEE )
                    )
COUNTY OF KNOX      )

    I, Sandy Todd, the President of Scancarbon, Inc., hereby declare under penalty of perjury that I have authorized Oliver D. Adams and the law firm of Hodges, Doughty & Carson, PLLC, 617 W. Main Street, Knoxville, Tennessee 37901, to represent Scancarbon, Inc. in this proceeding, that I, on behalf of Scancarbon, Inc., have fully reviewed this Petition, including any attachments hereto, and that the Petition and any such attachments are true and correct.

_____
SANDRA J. TODD

Sworn to and subscribed before me this _22_ day of _January_, 2013.

_____
Notary Public

My Commission Expires:_____

My Commission Expires March 3, 2013

STATE OF TENNESSEE NOTARY PUBLIC KNOX COUNTY
MILDRED E. STEWART

4

# United States District Court
## Eastern District of Tennessee

UNITED STATES OF AMERICA

v.

LESLIE JANOUS
A.K.A. LESLIE ANNE JANOUS
A.K.A. LESLIE ANN JANOUS
A.K.A. LESLIE GIBBS JANOUS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:    3:10-CR-124-001/3:11-CR-11-001

Elizabeth B. Ford/Kim A. Tollison
<u>Defendant's Attorney</u>

## THE DEFENDANT:

[✓]    pleaded guilty to <u>Counts 8 and 9 of the Indictment in case number 3:10-CR-124 and Count 1 of the Information in case number 3:11-CR-11.</u>

[ ]    pleaded nolo contendere to count(s) ___ which was accepted by the court.

[ ]    was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | August 3, 2010 | 8,9 in case number 3:10-CR-124 |
| 18 U.S.C. § 1957 | Money Laundering | April 10, 2010 | 1 in case number 3:11-CR-11 |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]    The defendant has been found not guilty on count(s) ___.

[✓]    <u>Counts 1,2,3,4,5,6,7,10,11,12 and 13 in case number 3:10-CR-124</u>   [ ] is  [✓] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

October 27, 2011
<u>Date of Imposition of Judgment</u>

s/ Leon Jordan
<u>Signature of Judicial Officer</u>

LEON JORDAN, United States District Judge
<u>Name & Title of Judicial Officer</u>

November 8, 2011
<u>Date</u>

**EXHIBIT A**

DEFENDANT:        LESLIE JANOUS
                  A.K.A. LESLIE ANNE JANOUS
                  A.K.A. LESLIE ANN JANOUS
                  A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER:      3:10-CR-124-001/3:11-CR-11-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 110 months .

This sentence consists of 110 months as to each of Counts 8 and 9 in case number 3:10-CR-124 and 110 months as to Count 1 in case number 3:11-CR-11; all such terms to be served concurrently.

[✓]   The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated to FPC Alderson, WV.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:
      [ ] at ___ [] a.m.   [] p.m.   on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before 2 p.m. on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By _____
   DEPUTY UNITED STATES  MARSHAL

DEFENDANT:  LESLIE JANOUS
            A.K.A. LESLIE ANNE JANOUS
            A.K.A. LESLIE ANN JANOUS
            A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER:  3:10-CR-124-001/3:11-CR-11-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .

    This term consists of 3 years as to each of Counts 8 and 9 in case number 3:10-CR-124 and 3 years as to Count 1 in case number 3:11-CR-11, such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[✓]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LESLIE JANOUS
A.K.A. LESLIE ANNE JANOUS
A.K.A. LESLIE ANN JANOUS
A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER: 3:10-CR-124-001/3:11-CR-11-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not incur new credit charges or apply for additional lines of credit without permission of the probation officer until restitution has been paid in full. In addition, she shall not enter into any contractual agreements which obligate funds without permission of the probation officer.

DEFENDANT:    LESLIE JANOUS
                    A.K.A. LESLIE ANNE JANOUS
                    A.K.A. LESLIE ANN JANOUS
                    A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER:    3:10-CR-124-001/3:11-CR-11-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 300.00 | $ 0.00 | $ 6,651,829.07 |

[ ]    The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]    The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Scancarbon Inc. 108 South David Lane Knoxville, TN 37922 |  | $ 6,651,829.07 |  |
| TOTAL: |  | $ 6,651,829.07 |  |

[ ]    If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓]    The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [✓] The interest requirement is waived for the [ ] fine and/or    [✓] restitution.

    [ ] The interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: LESLIE JANOUS
A.K.A. LESLIE ANNE JANOUS
A.K.A. LESLIE ANN JANOUS
A.K.A. LESLIE GIBBS JANOUS
CASE NUMBER: 3:10-CR-124-001/3:11-CR-11-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [✓]   Lump sum payment of $ 6,652,129.07 due immediately, balance due

     [ ]   not later than _, or
     [ ]   in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B   [ ]   Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C   [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within [ ] (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [✓]   Special instructions regarding the payment of criminal monetary penalties:

The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of her release from imprisonment shall become a condition of supervision.

The government may enforce the full amount of restitution ordered at any time, pursuant to 18 U.S.C. §§ 3612, 3613 and 3664(m).

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 800 Market St., Suite 130, Knoxville, TN 37902.** Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[✓]   The defendant shall forfeit the defendant's interest in the following property to the United States:

-all assets referenced in the Agreed Preliminary Order of Forfeiture signed on November 4, 2011.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 3:10-cr-00124 Document 57 Filed 11/09/11 Page 6 of 6 PageID #: 325

To Whom It May Concern:

The theft of over $6.7 million by Leslie Janous did not harm some anonymous large company, but altered the lives of countless individuals. Scancarbon, Inc., (SCI) the target of the theft, is a Tennessee company founded in 1986. It is a small company that markets coal to specialty metals production internationally. It is a very cash intensive business and the volume of business depends on the amount of cash available to buy and ship the coal. Therefore, Janous' theft drastically reduced SCI's business capabilities. This not only hurt SCI, but also cost jobs in the mining industry in Kentucky and Tennessee, the trucking business, railroad transport, barge transport and stevedoring jobs in New Orleans where the coal is loaded for export.

The stolen funds represented the profit generated over 30 years of business by the four owners of SCI. Two of the owners were of retirement age when the theft was discovered and part of these funds would have seen them through a comfortable well earned retirement. Since their retirement funds were gone, we had no choice but to sell the company to provide some funds for the retiring owners. In the current economy, we were fortunate to even find a buyer and the price was no where near the amount stolen. In addition, one of the terms of sale required myself and the remaining owner to continue working for a minimum four more years. Since I had planned to retire in 2013, this crime has forced me to work another two years

On a personal level, I cannot describe the erosion of my self-confidence, my professional reputation, or my view of humanity. I hired Leslie, helped her and her daughter and family financially. All the time I was doing this, she was stealing every penny she could. Only the worst type of person could come into the office every day and look you in the face while stealing from you. This was the person I thought was my friend. Obviously, I am a very poor judge of character also. The result for me is that I will never trust another human being again as long as I live. The relationship among the four partners that existed over 30 years is now strained and in several cases non-existent due to the theft. The stress, recriminations, and tensions caused by this egregious crime has taken an immeasurable toll on the physical, mental, and emotional health of all the Owners and their families.

While we have obtained a civil judgment for approximately $6.7 million against Leslie, there are few seized tangible assets remaining for us to recover even a small fraction of this amount. The most valuable are the properties that Leslie purchased with SCI funds. We understand that the normal procedure is for the government to auction such properties, deduct costs and any liens from the proceeds and divide the remainder among the victims of the crime. In this case, there is only one victim, SCI. We are asking that the Department of Justice to release the title for the 1308 Selby Lane property and the lots on Northshore Dr.

EXHIBIT

B

to SCI. An auction of a house in today's bad market will only net an absolute minimum price. In addition, the property has been highly publicized in connection with the Janous theft, which will reduce its value even further. SCI has the means to pay off the remaining mortgage to the bank as well as whatever costs the government has incurred to maintain the property. SCI has paid the utilities since the seizure to reduce further damage to the interior of the house. SCI can then hold on to the house, make needed maintenance and sell it in the future in a better housing market to maximize our recovery.

We implore the Department of Justice to honor our request. We have endured more than our share of penalties due to this theft and only want to maximize what we can of what little remains to us.

Thank you for your consideration,

Sandra J. Todd
President, Scancarbon, Inc.

Signed before me on January 22, 2013.

Mildred W. Stewart
Notary

STATE
OF
TENNESSEE
NOTARY
PUBLIC
MILDRED W. STEWART
KNOX COUNTY

My Commission Expires March 2, 2013

ENTERED

OCT 28 2011

HOWARD G. HOGAN

| | |
|---|---|
| SCANCARBON, INC., | ) |
| Plaintiff, | ) |
| v. | ) Docket No. 178786-3 |
| LESLEIGH ENTERPRISES, LLC, | ) |
| LESLIE GIBBS JANOUS, | ) |
| a/k/a LESLIE ANNE JANOUS, | ) |
| a/k/a LESLIE JANOUS, | ) |
| a/k/a LESLIE ANN GIBBS, | ) |
| a/k/a LESLIE GIBBS, and | ) |
| LEIGH DERRICK JANOUS, | ) |
| a/k/a MARTHA LEIGH JANOUS, | ) |
| Defendants. | ) |

## FINAL ORDER

This cause came on for hearing before the Honorable Michael W. Moyers, Chancellor for the Knox County Chancery Court on the 24th Day of October, 2011, for a Writ of Inquiry on damages pursuant to the Court's order entered granting Scancarbon, Inc.'s ("Plaintiff") motion for default against Leslie Gibbs Janous, a/k/a Leslie Anne Janous, a/k/a Leslie Janous, a/k/a Leslie Ann Gibbs, a/k/a Leslie Gibbs, a/k/a Leslie Janous ("Defendant") after a hearing held on September 26, 2011; Defendant was given notice of this hearing, was called out, and failed to answer; upon the testimony of Sandy Todd and Audun Hammersmark Hansen, the record in its entirety, and argument of counsel, the Court is of the opinion that Plaintiff is entitled to damages for fraud and embezzlement against Defendant; punitive damages against Defendant, and to a constructive trust over all of Defendant's property, tangible and intangible, it is therefore,

ORDERED, ADJUDGED and DECREED that the Court makes the following findings of fact:

1

EXHIBIT

C

1.     Plaintiff employed Defendant as a bookkeeper from 2003 to 2010. Defendant's employment duties included, *inter alia*, posting accounts, creating reports on accounts payable, managing payments to vendors, managing credit card accounts, managing phone accounts, and creating financial reports.

2.     Shortly after Defendant began working for Plaintiff, she began stealing money from Plaintiff.

3.     Between 2004 and 2010, Defendant used unauthorized wire transfers to embezzle money from Plaintiff's bank account to an account established in the name of Lesleigh Enterprises, LLC (of which Defendant was a member), from where Defendant disbursed the embezzled funds to several accounts she held. Through these unauthorized wire transfers, Defendant embezzled and fraudulently obtained $4,569,059.86 from Plaintiff.

4.     Defendant did not have authority to sign checks on behalf of Plaintiff. Between 2004 and 2010, Defendant forged the maker's signature of Plaintiff's authorized signatories on checks payable to herself. Through these unauthorized checks, Defendant embezzled and fraudulently obtained $1,621,595.99 from Plaintiff.

5.     Defendant also made unauthorized charges on Plaintiff's credit cards. Through these unauthorized charges, Defendant embezzled and fraudulently obtained $509,002.06 from Plaintiff.

6.     Prior to committing the embezzlement scheme detailed hereinabove, Defendant was fired from Elite Landscaping Management for embezzling in 2002. On May 28, 2003, Defendant was indicted in the Sevier County General Sessions Court for the charge of Theft Over $10,000.00. On June 10, 2004, judgment was entered against Defendant by the Sevier Circuit Court, whereby Defendant was ordered to pay restitution to her former employer. Defendant used some of the funds she embezzled from Plaintiff to pay this court-ordered restitution.

2

7.    Defendant used the money she fraudulently obtained from Plaintiff to fund an ultra-lavish lifestyle, which included the following purchases:

(a)    The real property with improvements thereon commonly known as 1308 Selby Lane, Knoxville, Tennessee (the "Selby Lane Property");

(b)    The real property with improvements thereon commonly known as 12944 Peachview Drive, Knoxville, Tennessee (the "Peachview Property");

(c)    The real property commonly known as 10041 and 10045 Northshore Drive, Knoxville, Tennessee (the "Northshore Property");

(d)    2008 BMW X5 (black in color);

(e)    2008 BMW X5 (titanium in color);

(f)    2009 BMW 750 (black in color);

(g)    2010 Audi A4 (blue in color);

(h)    2006 Aston Martin Vantage Coupe (black in color);

(i)    2008 Maseratti Quattroporte (black in color);

(j)    2007 Aston Martin DB9 Convertible (black in color);

(k)    2008 Mercedes S550 (black in color); and

(l)    2008 Mercedes SL550.

8.    Additionally, Defendant also purchased the following on her American Express cards that were paid with funds embezzled from Plaintiff:

(a)    $475,693.71 in furniture and home furnishings;

(b)    $392,668.78 in apperal and accessories;

(c)    $297,365.00 in jewelry;

(d)    $112,954.64 in electronic equipment;

      (e)      $109,385.01 in travel; and

      (f)      $15,492.67 in pet supplies.

These items represent only a fraction of the lavish items and services purchased by Defendant using funds embezzled from Plaintiff.

9.      Defendant attempted to conceal her embezzlement by forging fake financial statements, deleting financial records from Plaintiff's computers, creating false bank statements, and making false accounting entries. The embezzlement was discovered when Plaintiff's affiliate performed an audit in 2010 prompted by discrepancies in Plaintiff's financial statements that were forged by Defendant in her scheme to cover up her embezzlement. During the audit, Defendant attempted to delete Plaintiff's financial accounting software but was unsuccessful. When Defendant was confronted by Sandy Todd about the newly discovered falsified financial information, Defendant left work and never returned. The next day, Defendant sold the 2007 Aston Martin, the 2008 BMW X5 (black in color), and the 2008 Mercedes SL550 to U.S.I. Motors in Knoxville for the total sum of $160,000.00. Of that amount, $59,421.61 was paid to a lienholder, the remaining $100,578.39 was tendered to Defendant via check, which check was deposited into two bank accounts jointly held by Leigh Janous and Brittany Janous that were opened with Bank of America at that time. Defendant also quitclaimed her interest in the Selby Lane Property, the Peachview Property, and the Northshore Property to Leigh Janous in order to place the property out of the hands of creditors.

10.      Unfortunately, Defendant spent much of the embezzled funds on items that have little value compared to the original purchase price and many items that would have value have not been recovered.

11.      After Defendant was arrested, she liquidated her 401K account with Plaintiff and used the money to flee justice. She was eventually captured by Federal agents and returned to custody.

4

Based on the foregoing, it is ORDERED, ADJUDGED, AND DECREED that the Court makes the following conclusions of law:

1.    Defendant embezzled and obtained through fraud $6,699,657.91 from Plaintiff.

2.    Punitive damages are reserved for the most egregious cases and this is such a case. Plaintiff demonstrated by clear and convincing evidence that Defendant acted intentionally, fraudulently, and maliciously in embezzling close to Seven Million Dollars from Plaintiff. Moreover, many of the factors set forth by the Tennessee Supreme Court in *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992) are present. Defendant's intentional behavior is egregious. In addition to the shear amount of money she fraudulently obtained, she attempted to conceal her theft by forging various financial documents and bank statements. Defendant's scheme lasted six years, and all the while, she abused a position of trust that she was given by Plaintiff. Defendant made no attempt to remedy the situation, but instead, as noted before, attempted to hide the fraudulent scheme and even fled from Federal agents once she had been arrested. Defendant has made no attempts to return any items of value from which Plaintiff could attempt to recoup its losses. Most notably, there clearly exists the need to deter future conduct because Defendant has been adjudged guilty of embezzling from an employer before. Defendant's actions have caused harm beyond the simple fact that she stole an astonishingly large amount of money. Defendant damaged Plaintiff's cash-flow to the extent that Plaintiff can no longer conduct the volume of business it once could. Plaintiff also sold an asset under the false belief that it was losing money, when in reality, Defendant was posting losses to the asset to cover her embezzlement. The same asset was later sold for a profit of close to $59,000,000.00, and Plaintiff's would not have sold the asset had it not falsely believed it to be losing money. In light of the foregoing, and to serve the dual purpose of punishing Defendant and deterring future crimes of a similar nature, the Court finds that an award of $5,000,000.00 in punitive damages is appropriate.

3.     Defendant used funds embezzled from Plaintiff to purchase and finance a litany of items, to which Defendant had no lawful right. Therefore, Plaintiff is entitled to a constructive trust over any and all goods, assets, real property, personal property, tangible property, intangible property, and cash derived from funds embezzled from Plaintiff, including the proceeds of any items Defendant purchased using funds embezzled from Plaintiff.

It is therefore, ORDERED, ADJUDGED AND DECREED that Plaintiff shall have and recover a judgment against Defendant for (i) compensatory damages in the amount of $6,699,657.91, plus post-judgment interest accruing at the statutory rate until paid in full and (ii) punitive damages in the amount of $5,000,000.00. It is further ORDERED that Plaintiff is entitled to a constructive trust over any and all goods, assets, real property, personal property, tangible property, intangible property, property of any kind, and cash derived from funds embezzled from Plaintiff, including the proceeds of any items purchased or financed using funds embezzled from Plaintiff. It is further ORDERED that there is no just reason for delay and pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure this judgment is final. Costs are taxed to Defendant, Leslie Janous, for which execution may issue if necessary.

SO ORDERED.


MICHAEL W. MOYERS Chancellor
KNOX COUNTY CHANCERY COURT

6

Approved for Entry:

OLIVER D. ADAMS, BPR #026164
*Attorney for Plaintiff*
HODGES, DOUGHTY & CARSON
617 Main Street
Post Office Box 869
Knoxville, TN 37901-0869
Telephone: (865) 292-2307

Allison Jackson w/permission J./
ALLISON JACKSON, BPR #029230
*Attorney for Leigh Janous*
HAGOOD, TARPY & COX, PLLC
900 S. Gay Street, Suite 2100
Knoxville, TN 37902-0869
Telephone: (865) 525-7313

7

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing has been served upon all counsel in this matter by delivering or placing a copy in the United States Mail with sufficient postage thereon to carry same to its destination as follows:

Leslie Janous (via hand delivery)
Knox County Sheriff's Detention Facility
5001 Maloneyville Road
Knoxville, Tennessee 37918

This 26 day of October, 2011.

CERTIFICATE
I, Howard C. Hogan hereby certify that I have mailed a true and accurate copy of the foregoing *Final Order* to all parties or their attorney of record who have not approved action by placing same in the U.S. Mail, postage prepaid this 28 day of October, 2011.

Clerk & Master Chancery Court
By: _____
Deputy Clerk

8