UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Nos. | 3:10-CR-124 |
| V. | ) | | 3:11-CR-11 |
| | ) | | |
| LESLIE JANOUS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## UNITED STATES RESPONSE TO CLAIM AND PETITION OF SCANCARBON, INC.

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee and Anne-Marie Svolto, Assistant United States Attorney submits the following response to the Claim and Petition of Scancarbon Inc. for a Hearing to Adjudicate the Validity of Interest in Property (Docs. 65 and 40) and states as follows:

1.	The Court entered Amended Preliminary Orders of Forfeiture on March 15, 2013 in the above-referenced cases in criminal case numbers 3:10-cr-124 and 3:11-cr-11 (Docs. 62 and 32) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Notices of forfeiture were filed on April 11, 2013 (Docs. 63 and 33).

2.	The Petition filed by Scancarbon, Inc. claims an interest in the property identified in the Notice of Forfeiture filed on April 11, 2013 and requests a hearing to adjudicate its interest. Scancarbon, Inc. is a victim in the case.

3. Before property can be forfeited to the United States, and then distributed to victims by the Attorney General[1] in accordance with a district court's restitution order, relevant third party claims must be resolved. This prevents forfeiture of property belonging to someone other than the defendant. The forfeiture statutes at issue in this case 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), provide a mechanism for third parties to make a claim to criminally forfeited property.

4. Scancarbon, Inc. has been identified as a victim in the above-referenced criminal cases and is entitled to restitution based upon the Judgments entered in the criminal cases. The Judgments in the criminal cases were entered on November 8, 2011 (Docs. 57 and 27). The Court ordered the defendant to pay restitution to Scancarbon, Inc. in the amount of $6,651,829.07.

5. After the entry of a Final Order of Forfeiture, the United States will use the restoration process and submit a restoration request to the Asset Forfeiture Money Laundering Section (AFMLS) on the behalf of Scancarbon, Inc. The advantage of restoration is that victims are not required to do anything to receive compensation. In order to receive compensation, a victim does not need to file a claim. The United States Attorney's Office makes a request to AFMLS on behalf of the victims listed in the restitution order or judgment. In addition, because restoration applies to property that has been forfeited, the government has the ability to liquidate any tangible property that must be converted to cash. If AFMLS approves the restoration request in this case, the United States Marshals Service holding the proceeds of the forfeited property will be directed to forward those proceeds to the clerk of court who then makes disbursement to the victim in accordance with the restitution order or the criminal judgment. The United States

---

[1] Once the property is forfeited, the Attorney General may restore the forfeited property to victims of the charged crimes. *See* 18 U.S.C. § 981(e)(6).

Attorney's Office is coordinating with AFMLS to maximize the amount of restitution to the victim, Scancarbon, Inc.

For the foregoing reasons, a hearing to adjudicate the interest of the victim in the case, Scancarbon, Inc. is not necessary. The United States Attorney's Office will submit a restoration request to AFMLS after a Final Order of Forfeiture is entered in the case, requesting that the proceeds of the forfeited property be restored to Scancarbon, Inc. for restitution.

    Respectfully submitted,
    WILLIAM C. KILLIAN
    United States Attorney

By: *s/Anne-Marie Svolto*
    Anne-Marie Svolto
    Assistant United States Attorney
    800 Market St., Suite 211
    Knoxville, Tennessee 37902
    (865) 545-4167

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2013 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

By: *s/Anne-Marie Svolto*
    Anne-Marie Svolto
    Assistant United States Attorney