UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Nos. | 3:10-CR-124 |
| V. | ) | | 3:11-CR-11 |
| | ) | | |
| LESLIE JANOUS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## STIPULATED SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

IT IS HEREBY STIPULATED by and among Plaintiff, United States of America, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee and Anne-Marie Svolto, Assistant United States Attorney for the Eastern District of Tennessee and counsel for the claimant, Leigh Janous, (hereinafter "claimant"), to compromise and settle the claimant's interest in certain properties, pursuant to this Settlement Agreement as follows:

1. On October 18, 2010, an Amended Indictment (Docket No. 9) was filed in case number 3:10-CR-124 charging the defendant, Leslie Janous, with wire fraud in violation of 18 U.S.C.§ 1343. In the forfeiture allegations of the Amended Indictment, the United States sought forfeiture of the interest of the defendant, Leslie Janous, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). On February 11, 2011, the United States filed a Bill of Particulars for Forfeiture of Property (Docket No. 29), which listed additional property that the United States is seeking for forfeiture.

2. On February 11, 2011, an Information (Docket No. 1) was filed in case number 3:11-CR-11, charging the defendant, Leslie Janous, with money laundering in violation of 18 U.S.C. § 1957. In the forfeiture allegations of the Information, the United States sought

forfeiture of the interest of the defendant, Leslie Janous, in any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses in the Information.

3. An Agreed Preliminary Order of Forfeiture was entered on November 4, 2011 in case number 3:10-CR-124 (Docket No. 56) and in case number 3:11-CR-11 (Docket No. 26). Through that order, the Court retained jurisdiction over the forfeiture to amend the order as necessary under Rule 32.2. An Amended Preliminary Order of Forfeiture was entered on March 15, 2013 in case number 3:10-CR-124 (Docket No. 62) and on March 15, 2013 in case number 3:11-CR-11 (Docket No. 32).

4. Pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982 and the Preliminary Orders of Forfeiture, Notice of Forfeiture as to the property was published on an official Government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on April 18, 2013 and ending on May 17, 2013.

5. Scancarbon Inc. filed a claim and petition on May 13, 2013. (Docket Nos. 65 and 35) asserting an interest in the property identified in the Notice of Forfeiture filed on April 11, 2013. The United States filed a Response on July 16, 2013 to the claim and petition of Scancarbon, Inc. (Docket Nos. 74 and 44). Scancarbon, Inc. has been identified as a victim in the above-referenced criminal cases and is entitled to restitution based upon the Judgments entered in the criminal cases.

6. Leigh Janous filed a claim and petition on May 24, 2013 (Docket nos. 70 and 40) as to the following property listed in the Preliminary Order of Forfeiture:

(a) 2008 Silver BMW 328i Sedan, VIN WBAVA37538NL43516;

(b) Platinum ring by Scott Kay with a blue sapphire and diamonds;

(c) Tiffany & Co. Coupe Mark watch, serial number 010238318;

(d) Tiffany & Co. Coupe Mark watch, serial number 090231960;

(e) 18k white gold necklace with a heart shape blue sapphire and diamonds;

(f) 14k white gold necklace with pendant with round and princess cut diamonds; and

(g) Miscellaneous external hard drives and thumb drives.

All potential parties have been served. The time for filing a claim in this proceeding has expired.

7. The United States agrees to release its claim to the following properties to which Leigh Janous claims an interest:

(a) Platinum ring by Scott Kay with a blue sapphire and diamonds;

(b) Tiffany & Co. Coupe Mark watch, serial number 010238318;

(c) Miscellaneous external hard drives and thumb drives; and

(d) A pro rata share of the proceeds of the sale of the 2008 Silver BMW 328i Sedan, VIN WBAVA37538NL43516. Leigh Janous shall pay half of the expenses incurred by the United States Marshals Service for maintenance and storage of the vehicle.

8. The claimant acknowledges, understands, and agrees that the United States' release of its claim to the properties listed in paragraph seven above, shall be in full settlement and satisfaction of any and all claims with respect to the properties and the proceedings involving the forfeiture of the properties.

9. Scancarbon obtained a judgment entered on October 24, 2011 in the Knox County Chancery Court case styled *Scancarbon, Inc. v. Lesleigh Enterprises, LLC, Leslie Gibbs Janous, et al.*, Docket No. 178786-3. The aforementioned judgment, consisting of compensatory damages in the amount of $6,699,657.91, plus post-judgment interest, and punitive damages in the amount of $5,000,000.00, established a constructive trust over "any and all goods, assets, real property, personal property, tangible property, intangible property, property of any kind, and

3

cash derived from funds embezzled from [Scancarbon]." Scancarbon claims that the items listed in paragraphs 7(a) and 7(b) and the proceeds of the sale of the item listed in paragraph 7(d) are subject to the constructive trust granted Scancarbon by the judgment and that Scancarbon is entitled to the same. As such, the items listed in paragraphs 7(a) and 7(b) and the proceeds of the sale of the item listed in paragraph 7(d) (less expenses incurred by the United States Marshall Service for maintenance and storage of the vehicle) shall be released to be held in escrow by counsel for Scancarbon, or interplead into the Knox County Chancery Court, and the same shall be distributed pending an agreement of Scancarbon and Leigh Janous, or by order of the Knox County Chancery Court.

10. The claimant agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the claimant and their agents which currently exist or which may arise as a result of the United States' action against the properties.

11. The claimant understands and agrees that by entering into this settlement of her interest in the properties, she waives any rights to further litigate against the United States her interest in the properties. Claimant and the United States agree that this stipulated Settlement Agreement shall constitute full settlement and satisfaction of any and all claims against the United States to the properties resulting from the incidents or circumstances giving rise to this action. The parties agree that this Settlement Agreement constitutes the full and complete agreement between the parties, except as specifically stated otherwise herein.

12. Claimant abandons, disclaims and withdraws her claim filed with the Federal Bureau of Investigation regarding the remaining properties. Claimant agrees to give up any

4

ownership interest in the remaining properties and voluntarily forfeits and relinquishes any ownership and any right or interest she may have had in the properties.

13. Claimant understands that by withdrawing her claim against the remaining properties, title and ownership in the remaining properties will be forfeited to the United States.

14. The United States and claimant agrees that each party shall be responsible for its own attorney's fees and costs.

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

Dated: January 2, 2014          By:     *s/Anne-Marie Svolto*
                                        ANNE-MARIE SVOLTO
                                        Assistant U.S. Attorney
                                        800 Market Street, Suite 211
                                        Knoxville, TN 37902
                                        Phone: 865-545-4167


Dated: January 2, 2014                  *s/Allison S. Jackson* (w/ permission)
                                        LYNN TARPY
                                        ALLISON S.JACKSON
                                        Attorneys for Claimant
                                        Tarpy, Cox, Fleishman & Leveille, PLLC
                                        1111 Northshore Drive
                                        Landmark Tower North, Suite N-290
                                        Knoxville, Tennessee 37919
                                        (865) 588-1096

5